IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO._____ (CIVIL)

MILDRED RENGIFO and
RAYNER CASTRO,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, MILDRED RENGIFO and RAYNER CASTRO, sue the Defendant, UNITED STATES OF AMERICA, and allege:

## JURISDICTIONAL STATEMENT

1. This is a claim against the UNITED STATES OF AMERICA for money damages for injuries caused by the negligence or wrongful acts or omissions of JEANOLIVIA D. GRANT, M.D. ("GRANT"), an employee, agent, and/or servant of MIAMI BEACH COMMUNITY HEALTH CENTER, INC. ("MBCHC") located in Miami-Dade County, Florida.

2. This is an action which exceeds the minimum jurisdictional limits of this Court, exclusive of interest and costs.

3. Jurisdiction is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1346(b), 28 U.S.C. § 1346(b), and 28 U.S.C. § 2674.

4. Venue is proper in the Southern District of Florida based upon 28 U.S.C. § 1346(b) as the Southern District, Miami Division, is the judicial district in which GRANT and MBCHC are located and where the events giving rise to this action occurred.

### IDENTIFICATION OF PARTIES

5. Plaintiff, MILDRED RENGIFO ("Mrs. Rengifo"), was at all times material hereto *sui juris* and a resident of Miami-Dade County, Florida.

6. Plaintiff, RAYNER CASTRO ("Mr. Castro"), was at all times material hereto *sui juris* and a resident of Miami-Dade County, Florida.

7. At all times material hereto, Mrs. Rengifo and Mr. Castro were married.

8. MBCHC is a federally funded medical community health center and has been deemed an agent of Defendant, UNITED STATES OF AMERICA, through the United States Department of Health and Human Services.

9. At all times material hereto, GRANT was an employee, agent and/or servant of MBCHC and was acting within the course and scope of her employment and/or agency with MBCHC and is, therefore, covered under the Federal Tort Claims Act ("FTCA").

10. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, GRANT and MBCHC, rendered medical care to Mrs. Rengifo at MBCHC during the course of her pregnancy.

### COMPLIANCE WITH CONDITIONS PRECEDENT

11. This action has commenced against Defendant, UNITED STATES OF AMERICA, within six (6) years after the right of action first occurred.

12. Plaintiffs have complied with the requirement of 28 U.S.C. § 2401 by presenting a claim in writing to the appropriate federal agency within two (2) years after the claim accrued.

13. Plaintiffs filed a Notice of Claim on behalf of Mrs. Rengifo and Mr. Castro on August 15, 2018.

14. The acknowledgement of receipt of claim by the Defendant states that Plaintiffs' claims were received on August 21, 2018.

15. Defendant automatically denied the claims on February 21, 2019 after no denial was received six (6) months after receipt of Plaintiffs' Notice of Claim.

16. Therefore, Plaintiffs have complied with any and all conditions precedent to the maintenance of this lawsuit, including 28 U.S.C. § 2401 and 28 U.S.C. § 2675.

17. A Notice of Intent to Initiate Litigation for Medical Negligence was given to GRANT by letter dated August 21, 2018 in accordance with the requirements of 28 U.S.C. § 2401 and Florida Statute § 766.106(2).

18. A Notice of Intent to Initiate Litigation for Medical Negligence was given to MBCHC by letter dated August 21, 2018 in accordance with the requirements of 28 U.S.C. § 2401 and Florida Statute § 766.106(2).

19. Additionally, this action has been properly brought within two (2) years of the date the alleged negligent incident occurred or within two (2) years of the date the alleged negligent incident could have been discovered with the exercise of due diligence and not later than four (4) years from the date the incident occurred.

## CERTIFICATE OF COUNSEL

20. Through Counsel's signature on this Complaint, it is certified pursuant to Florida Statute § 766.203 that the Plaintiffs, prior to the filing of this action, made a reasonable investigation as permitted by the circumstances to determine if there are grounds or a good faith belief that there was negligence in the care and treatment of Mrs. Rengifo by Defendant.

21. Such investigation has given rise to a good faith belief that grounds exist for an action against the named Defendant.

## FACTS GIVING RISE TO CAUSE OF ACTION

22. Mrs. Rengifo was a 23-year-old female who was 31 weeks pregnant on May 31, 2018 when she presented to MBCHC for a regularly scheduled prenatal checkup appointment by GRANT.

23. GRANT observed at the time that Mrs. Rengifo was edematous and had gained 8 lbs.

24. GRANT noted the chart and scheduled a regular follow up visit, indicating that if the current symptoms continued, GRANT would perform testing for preeclampsia.

25. On June 14, 2018, Mrs. Rengifo presented for her regularly scheduled follow up appointment at MBCHC with GRANT.

26. Again, GRANT noted that Mrs. Rengifo appeared edematous and had gained weight.

27. Again, GRANT indicated that if Mrs. Rengifo's preeclampsia symptoms continued, GRANT would do labs for preeclampsia, however, GRANT did not take any additional actions despite having previously observed the signs and symptoms of preeclampsia on May 31, 2018.

28. On June 29, 2018, Mrs. Rengifo presented for another regularly scheduled follow up appointment at MBCHC with GRANT.

29. At this visit, GRANT noted that Mrs. Rengifo had elevated blood pressure and weight gain since last visit – additional signs and symptoms of preeclampsia.

30. GRANT finally indicated that she would check Mrs. Rengifo's labs.

31. GRANT also advised Mrs. Rengifo to rest at home and go to the labor and delivery department if she developed any signs or symptoms of preeclampsia.

32. On July 6, 2018, Ms. Rengifo presented for her 36 weeks ultrasound at Miami Beach Community Health Center, Inc. at which time it was determined that her fetus had died.

## COUNT I
## NEGLIGENCE AGAINST UNITED STATES OF AMERICA

33. Plaintiff, MILDRED RENGIFO adopt and re-allege paragraphs 1 through 32 above as if fully set forth herein and further allege:

34. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants MBCHC and GRANT, in providing medical care and treatment to Mrs. Rengifo, had and undertook the duty to provide medical care and services in accordance with that level of care and skill which is recognized as acceptable and appropriate by reasonably prudent, similar health care providers in the same or similar community.

35. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants MBCHC and GRANT, breached its duties in one or more of the following ways:

   a. Negligently and/or recklessly failing to timely and appropriately evaluate, diagnose, assess, manage and monitor Mrs. Rengifo's condition;

   b. Negligently and/or recklessly failing to order labs to determine if Mrs. Rengifo was suffering from preeclampsia;

   c. Negligently and/or recklessly failing to timely hospitalize her for further evaluation and to deliver her fetus, while still viable, given her continuous signs and symptoms of preeclampsia upon presentation;

   d. Negligently and/or recklessly failing to timely and appropriate evaluate, assess, manage, and monitor Mrs. Rengifo's fetus' pre-delivery status;

   e. Negligently and/or recklessly failing to recognize that the unborn infant was at high risk of complications due to preeclampsia;

   f. Negligently and/or recklessly failing to recognize that Mrs. Rengifo was showing signs and symptoms of preeclampsia.

36. Defendant, the UNITED STATES OF AMERICA, by and through its agents, employees and/or servants GRANT and MBCHC, knew or should have known, that failure to render appropriate emergency medical services to MILDRED RENGIFO created an unreasonable risk of injury so as to affect the life or health of another, and such risk was substantially greater than that which is necessary to make the conduct negligent.

37. As a direct and proximate cause of the negligence of the Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, MBCHC and GRANT, Mrs. Rengifo has in the past and will in the future suffer bodily injury, pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, reasonable expense of hospitalization and medical, nursing and other health care related expenses, loss of wage earning capacity, rehabilitation expenses and aggravation of a pre-existing condition.

WHEREFORE, Plaintiff, MILDRED RENGIFO, demands judgment against Defendant, UNITED STATES OF AMERICA, for all damages recoverable by law.

## COUNT II
## LOSS OF CONSORTIUM AGAINST UNITED STATES OF AMERICA

38. Plaintiff, RAYNER CASTRO, adopts and re-alleges paragraphs 1 through 36 above as if fully set forth herein and further allege:

39. At all times material hereto, RAYNER CASTRO was married to MILDRED RENGIFO.

40. As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its agents, employees and/or servants GRANT and MBCHC, as previously alleged, Plaintiff, RAYNER CASTRO, has, in the past, and will, in the future, continue to suffer the loss of services, comfort, companionship and society of his spouse, MILDRED

RENGIFO. These losses are permanent and continuing in nature and RAYNER CASTRO, will suffer such losses in the future.

WHEREFORE, Plaintiff, RAYNER CASTRO, demands judgment Defendant, UNITED STATES OF AMERICA, for all damages recoverable by law.

Dated this 11th day of June, 2019.

        **LOMBANA HOELLE TRIAL LAW**
        *Attorneys for Plaintiffs*
        2745 Ponce de Leon Blvd.
        Coral Gables, Florida 33134
        Tel: (305) 859-0092

        By: _/s/ Hector J. Lombana_____
        Hector J. Lombana
        Florida Bar No. 238813
        Hector@lhtrial.law
        Maria Isabel Hoelle
        Florida Bar No. 381871
        mhoelle@lhtrial.law